IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. POPE,              )<br>          Plaintiff(s),          )<br>     vs.                       )<br> D. K. SISTO,                  )<br>          Defendant(s).        ) | No. C 08-2642 CRB (PR)<br><br>ORDER OF DISMISSAL |

Plaintiff, a prisoner at California State Prison, Solano, has filed a pro se civil rights action for damages under 42 U.S.C. § 1983 alleging defamation of character on the ground that the attorney general's office incorrectly referred to him as a child molester in a declaration filed in support of a request for an extension of time in a pending habeas case of his in this court.

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Defamation is not actionable under § 1983 unless it is accompanied by "some more tangible interests." Paul v. Davis, 424 U.S. 693, 701 (1976). To state a claim for defamation under § 1983, a plaintiff must allege loss of a constitutionally protected property or liberty interest in conjunction with the allegation of injury to reputation. See Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir. 1991), aff'd on this ground on reh'g en banc, 963 F.2d 1220, 1235 n.6 (9th Cir. 1992) (en banc). Plaintiff does not.

Moreover, a review of declaration at issue (attached to the complaint as exhibit B) makes clear that its first page reference to plaintiff as a prisoner convicted in Solano County of various counts of child molestation was a "copy and paste" error. The second page correctly notes that petitioner was convicted in Alameda County. Although regrettable, this error and/or oversight amounts to no more than a claim for negligence not cognizable under § 1983. See County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) (liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process).

/

1

**CONCLUSION**

2   For the foregoing reasons, the complaint is DISMISSED under the

3   authority of 28 U.S.C. § 1915A(b).

4   The clerk shall enter judgment in accordance with this order, terminate all

5   pending motions as moot, and close the file.

6   SO ORDERED.

7   DATED:  June 2, 2008

    CHARLES R. BREYER
8   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   G:\PRO-SE\CRB\CR.08\Pope, A1.dismiss.wpd            3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY L. POPE,

        Plaintiff,

  v.

D.K. SISTO et al,

        Defendant.

Case Number: CV08-02642 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony LaShawn Pope J-18522
CSP - Solano
1-244-U
P.O. Box 4000
Vacaville, CA 95696-4000

Dated: June 2, 2008

                              Richard W. Wieking, Clerk
                              By: Barbara Espinoza, Deputy Clerk